

# The Attorney General of Texas

April 14, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Selden N. Snedeker
Criminal District Attorney
Cameron County Courthouse
Brownsville, Texas 78520

Opinion No. MW-169

Re: Whether Cameron County may transfer funds within the 1979 county budget after the 1979 fiscal year to pay a claim for county membership dues incurred during the fiscal year.

Dear Mr. Snedeker:

You state that Cameron County incurred an obligation for dues in a local area development organization prior to the end of the 1979 fiscal year on September 30, 1979. We assume, without deciding, that this constitutes a proper expenditure of public funds. See Attorney General Opinion H-397 (1974). The invoice for the dues was received after September 30, 1979. Upon receipt of the invoice, the 1979 Cameron County budget contained insufficient funds in its "dues and subscriptions" budget item to pay the invoice. However, sufficient unexpended 1979 budget funds are available for transfer from another 1979 budget item. You have requested our opinion on three questions. First, must the payment of the membership dues constitute an emergency expenditure to allow a budget amendment? Second, can the 1979 budget be amended after September 30, 1979? Third, must the budget amendment be requested prior to January 1, 1980?

Your first question concerns the provisions of article 689a, V.T.C.S., particularly article 689a-11 and article 689a-20, concerning budget amendments. An El Paso Court of Civil Appeals decision, affirmed by the Texas Supreme Court, defined the applicability of the emergency requirements of article 689a-11, V.T.C.S.

> The quoted portion of Art. 689a-11 and Art. 689a-20 seems to be the only provisions relating to <u>amendment</u> of the budget. Art. 689a-11 is very <u>specific</u> as to when the county budget may be amended and the steps to be taken to make the amendment. It is thought that the restriction as to amendment <u>applies only when new or additional expenditures not provided for in the original budget are sought to be added by amendment</u>. . . .

(Emphasis added). Rains v. Mercantile National Bank of Dallas, 188 S.W.2d 798 (Tex. Civ. App. — El Paso 1945), affirmed, 191 S.W.2d 850 (1946).

Following this interpretation, Attorney General Opinion C—499 (1965) outlined the procedures for transferring funds within the budget.

> [W]here all of the budgeted funds for a particular line item have been expended, but there is a surplus in other line item accounts in the department budget, and the Commissioners' Court reallocates the funds, transferring funds from the surplus line item account to the depleted line item account, this would require an amendment to the budget as contemplated by Section 20 of Article 689a. Also, it is our opinion that funds may be transferred from the budget of one department to the budget of another. However, Constitutional funds may not be transferred in contravention of Section 9 of Article VIII of the Texas Constitution. The transferring of the funds in both instances above do not require new expenditures not included in the original budget, therefore, the provisions of Section 11 of Article 689a are not applicable.
>
> It is our opinion that the correct procedure in transferring the funds in the above two situations would be to amend the budget. However, this would not require the existence of an emergency as contemplated by Section 11 of Article 689a. An order of the Commissioners' Court showing how the funds were reallocated and showing that the budget was amended would, in our opinion, suffice to affect the amendment of the budget under the above situations.

Therefore, in reply to your first question, a finding of an emergency is not required before funds may be transferred by a budget amendment to increase the budget item for "dues and subscriptions" to allow payment of the membership dues.

Your second question concerns whether the 1979 budget can be amended after September 30, 1979. You have indicated that, pursuant to article 1644a, V.T.C.S., Cameron County has adopted a fiscal year beginning on October 1 of each year. You have further indicated that the obligation for membership dues was incurred prior to the end of the fiscal year with the invoice being received after the end of the fiscal year. The Beaumont Court of Civil Appeals in Morrison v. Kohler, 207 S.W.2d 951 (Tex. Civ. App. — Beaumont 1947, writ ref'd n.r.e.), discussed the question of amending the budget to provide for obligations previously incurred.

> We find nothing in the budget law requiring the budget be amended at the time or before an obligation not included in the budget could be legally assumed. We feel that it would be altogether too strict a construction to place upon the provisions of the budget laws governing counties to require that the budget should be amended at

the time the obligation was incurred.  On the contrary we believe that the Commissioners' Court in amending any budget to cover any item of expense not already covered in the original budget should be controlled by the facts and circumstances as existed at the time the obligation was incurred or assumed.

In Rains, supra, the court also stated that "[u]nder Art. 689a-20, subject to the limitation of Art. 689a-11, a county budget can be amended at any time." Id. 188 S.W.2d at 803.  Therefore the 1979 budget may be amended after September 30, 1979, to transfer unexpended funds for payment of claims charged to the 1979 fiscal year.

Your third question, concerning whether the budget amendment request must be made prior to January 1, 1980, is covered in our answer to your second question.  The budget may be amended at any time to transfer unexpended funds to existing budget items.

## SUMMARY

Cameron County may transfer funds within the 1979 county budget after the 1979 fiscal year to pay an obligation incurred during the fiscal year.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Jim Allison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Walter Davis
Susan Garrison
Rick Gilpin